TOWN OF MAYNARD *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] May 21, 1986. *Employment Security*, Judicial review.

This is an appeal from a judgment of a District Court judge dismissing the town's petition for review of a decision of the Division of Employment Security (division). See G. L. c. 151A, § 42 (1984 ed.). In the petition, the town contested its liability for unemployment compensation for a part-time employee. We affirm the dismissal of the petition.

The facts are undisputed. The claimant, Michael Chambers, was employed full time as a quality control inspector at a manufacturing plant in Maynard from July 9, 1984, until September 24, 1984, "when he was separated under non-disqualifying circumstances." At the same time, and continuing thereafter, he also worked part time for the town of Maynard (town) as a special police officer on an "on-call as needed" basis since September, 1979. He accepted all the special details assigned to him by the town's police department. Following his separation from the manufacturing plant, he continued his part-time employment with the town. The review examiner found that the claimant's employment with the town was subsidiary to his regular work; that the town was unable to provide him with full-time work; that he performed all the available work the town has; and that the town continued to employ him after he filed his claim for unemployment benefits in the same manner as it had previously. On that basis, the review examiner of the division found that the claimant was in partial unemployment within the meaning of G. L. c. 151A, § 1 (*r*) (1) (1984 ed.), and was entitled to benefits under G. L. c. 151A, § 29 (*b*) (1984 ed.). The review examiner cited a section of 430 Code Mass. Regs. § 5.05(1) (1981), a regulation which he stated "is pertinent."

The town does not contest the claimant's entitlement to unemployment benefits as a result of his separation from his full-time employment. It does contest its own liability for any benefits. The town contends that the decision determines the town to be liable as a subsidiary employer because the decision cited regulation 430 Code Mass. Regs. § 5.05(1) (1981). As we read the record, the reference to the regulation is not a ruling that the town is liable for any benefits. There is no order for payment. In the absence of a specific order that the town is liable for payment of any portion of unemployment benefits, there was nothing for the district court to review. Because the town has a "right to be credited or reimbursed, . . . for any amounts

[1] Michael Chambers, claimant.

determined to have been paid erroneously, see G. L. c. 151A, § 18, as appearing in St. 1982, c. 489, § 4. . . ." *Director of the Div. of Employment Sec.* v. *Mattapoisett,* 392 Mass. 858, 861 (1984), the judge correctly dismissed the petition.

*Judgment affirmed.*

*Barry A. Bachrach* for the town of Maynard.

*Wendy Thaxter*, Assistant Attorney General, for Director of the Division of Employment Security.